UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-9778-SVW (KK)** | Date: | January 8, 2019 |

Title: *Raymond Alford Bradford v. Gian Hernandez, et al.*

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):      Attorney(s) Present for Defendant(s):

None Present      None Present

**Proceedings:** Order to Show Cause Why Plaintiff's In Forma Pauperis Status Should Not Be Revoked

On July 25, 2018, Raymond Alford Bradford ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, constructively filed in the Eastern District of California a Writ of Mandate, which the Court liberally construes as a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Debbie Asuncion ("Defendant"), who is warden of California State Prison in Lancaster ("CSP-LAC").[1] ECF Docket No. ("Dkt.") 1 at 6-8. The allegations in the Complaint concern Plaintiff's alleged inability to access e-filing services in CSP-LAC. Id. at 7.

On November 1, 2018, Plaintiff constructively filed a Motion to proceed in forma pauperis. Dkt. 11.

---

[1] Plaintiff seeks declaratory and injunctive relief in the form of directing Defendant to "comply with the [constitutional] requirements . . . to access to court". Dkt. 1 at 7. However, this Court has no jurisdiction to issue a mandamus to compel action by a state official. See 28 U.S.C. § 1361 (district court has jurisdiction over mandamus action only to compel officers of the United States to perform their duties); Hupp v. Kurpinsky, 324 Fed. Appx. 623, 624 (9th Cir. 2009) (citing Clark v. State of Washington, 366 F.2d 678, 681-82 (9th Cir. 1966) (holding "federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties")). As such, the Court construes the Writ of Mandate as a civil rights complaint under Section 1983. See Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971) (analyzing that district courts have discretion to construe petition attacking conditions of confinement as action under Section 1983).

On November 15, 2018, the Eastern District of California issued an order transferring the case to the Central District of California because "the named defendants are located and the outstanding, unlitigated claims arose at CSP-LA[C] in Los Angeles County, which is in the Central District of California." Dkt. 12 at 2.

On January 4, 2019, the Court granted Plaintiff's Application to proceed in forma pauperis. Dkt. 21. However, pursuant to 28 U.S.C. § 1915(g) (also known as the "three strikes provision"), a prisoner is prohibited from "bring[ing] a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A review of the record of actions filed by Plaintiff in United States District Courts in California reveals that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted (i.e. "strikes"). The Court takes judicial notice of six such cases:
- Bradford v. White, et al., 2:98-cv-00180-FCD-JFM (E.D. Cal., June 3, 1999), dkt. 15 (dismissing for frivolousness and as barred by the statute of limitations);
- Bradford v. Terhune, 1:04-cv-05496-AWI-DLB (E.D. Cal., Oct. 21, 2004), dkt. 18 (dismissing for failure to state a claim);
- Bradford v. Grannis, 2:05-cv-00862-FCD-DAD (E.D. Cal., Sept. 30, 2005), dkt. 14 (dismissing for frivolousness and failure to state a claim);
- Bradford v. Superior Court of California, County of Kings, 1:07-cv-01031-OWW-LJO (E.D. Cal., Aug. 21, 2007), dkt. 5 (dismissing for frivolousness);
- Bradford v. Amaya, 1:08-cv-00211-OWW-GSA (E.D. Cal., Apr. 17, 2008), dkt. 6 (dismissing for failure to state a claim); and,
- Bradford v. Terhune, et al., 1:04-cv-05261-LJO-SMS (E.D. Cal., May 9, 2008), dkt. 35 (dismissing for failure to state a claim).

In addition, while Plaintiff's claims in the Complaint are not entirely clear, Plaintiff fails to allege he is under imminent danger of serious physical injury.

Consequently, it appears to the Court that Plaintiff is precluded from proceeding in forma pauperis under Section 1915(g). Accordingly, the Court **HEREBY ORDERS**:

> Plaintiff **SHALL SHOW CAUSE** in writing within thirty (30) days of the date of this order why the Court should not revoke Plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Plaintiff's convenience.

Plaintiff is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed without prejudice for his failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**